# NO. 12-14-00246-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR THE* | *§* | *APPEAL FROM THE* |
| *BEST INTEREST AND PROTECTION* | *§* | *COUNTY COURT AT LAW* |
| *OF S. E.* | *§* | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

S.E. appeals from an order for temporary inpatient mental health services, and an order authorizing the Texas Department of State Health Services (the Department) to administer psychoactive medication. In two issues, S.E. asserts the evidence is legally and factually insufficient to support the trial court's orders. We reverse and render.

## BACKGROUND

An application for court ordered temporary mental health services was filed requesting the trial court to commit S.E. to the Rusk State Hospital (the Hospital) for a period not to exceed ninety days. At the time the application was filed, S.E. was a patient at the Hospital. The application was supported by two physician's certificates of medical examination for mental illness. The first certificate stated that Robert Bouchat, M.D. examined and evaluated S.E. and diagnosed her with bipolar disorder. The second certificate stated that R.H. Rodriguez, M.D. examined and evaluated S.E. and diagnosed her with bipolar two disorder, mixed type.

According to Dr. Bouchat and Dr. Rodriguez, S.E. was mentally ill, and was suffering severe and abnormal mental, emotional, or physical distress; was experiencing substantial mental or physical deterioration of her ability to function independently; and was unable to make a rational and informed decision as to whether or not to submit to treatment. As the basis for his opinion, Dr. Bouchat reported that S.E. admitted to ongoing mood instability, and stated that she could not tolerate Valbroic, which would necessitate changing her medication regime. Further,

he stated that S.E. had become agitated numerous times over the past two to three months, typically requiring medications for control. According to Dr. Rodriguez, S.E. reported feeling emotionally stable. However, she also told him that "they" are violent on the ward, that before she was admitted to the hospital, she almost had her head chopped off by a man with a big knife—a machete, and that she had some type of "blue baby" syndrome. Further, he stated that S.E. was cooperative and pleasant, that her speech was "pressured" with flight of ideas and looseness of associations, that her mood was "depressed with fearfulness," and that she continued to require frequent emergency medications. Dr. Bouchat also signed an application for an order to administer psychoactive medication to S.E.

The trial court conducted a hearing on the applications for court ordered temporary mental health services and to administer psychoactive medication. S.E. did not attend the hearing and no testimony was presented. After the hearing, the trial court found, by clear and convincing evidence, that S.E. was mentally ill, and was suffering severe and abnormal mental, emotional, or physical distress; was experiencing substantial mental or physical deterioration of her ability to function independently, exhibited by S.E.'s inability, except for reasons of indigence, to provide for her basic needs, including food, clothing, health, or safety; and was unable to make a rational and informed decision as to whether or not to submit to treatment. The trial court rendered an order for temporary inpatient mental health services, committing S.E. to the Hospital for a period not to exceed ninety days, and an order to administer psychoactive medication. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In her first and second issues, S.E. argues that the evidence is legally and factually insufficient to support the order for temporary inpatient mental health services and the order to administer psychoactive medication. Because of our disposition of S.E.'s legal sufficiency argument, we do not address factual sufficiency. *See* TEX. R. APP. P. 47.1.

### Standard of Review

In a legal sufficiency review where the burden of proof is clear and convincing evidence, we must look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its findings were true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We must assume that the fact finder settled

2

disputed facts in favor of its finding if a reasonable fact finder could do so and disregard all evidence that a reasonable fact finder could have disbelieved or found incredible. *Id.* This does not mean that we are required to ignore all evidence not supporting the finding because that might bias a clear and convincing analysis. *Id.*

**Temporary Inpatient Commitment Order**

The trial judge may order a proposed patient to receive court ordered temporary inpatient mental health services only if the judge or jury finds, from clear and convincing evidence, that the proposed patient is mentally ill and, as a result of that mental illness, she is likely to cause serious harm to herself, is likely to cause serious harm to others, or is (i) suffering severe and abnormal mental, emotional, or physical distress, (ii) experiencing substantial mental or physical deterioration of her ability to function independently, which is exhibited by her inability, except for reasons of indigence, to provide for her basic needs, including food, clothing, health, or safety, and (iii) unable to make a rational and informed decision as to whether or not to submit to treatment. TEX. HEALTH & SAFETY CODE ANN. § 574.034(a) (West Supp. 2014).

"Clear and convincing evidence" means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979). To be clear and convincing under this statute, the evidence must include expert testimony. TEX. HEALTH & SAFETY CODE ANN. § 574.034(d) (West Supp. 2014). Unless waived, the evidence must show a recent overt act or a continuing pattern of behavior that tends to confirm either the likelihood of serious harm to the proposed patient or others, or the proposed patient's distress and the deterioration of her ability to function. *Id.* The statutory requirements for an involuntary commitment are strict because it is a drastic measure. *In re C.O.*, 65 S.W.3d 175, 182 (Tex. App.—Tyler 2001, no pet.).

At trial, Dr. Bouchat's and Dr. Rodriguez's certificates of medical examination for mental illness were admitted into evidence. We note that nothing in the Texas Health and Safety Code regarding court ordered mental health services authorizes a trial court to base its findings solely on the physicians' certificates. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.001-.089 (West 2010 & Supp. 2014). Pleadings, such as the application here, are not evidence that the statutory standard has been met. *See id.* § 574.031 (West 2010) (stating that Texas Rules of Evidence apply to hearing for court ordered mental health services unless rules are inconsistent

3

with subtitle); *In re E.T.*, 137 S.W.3d 698, 700 (Tex. App.—San Antonio 2004, no pet.); *see also Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) (noting that, generally, pleadings are not competent evidence, even if sworn or verified).

Here, the doctors did not testify at trial and the only basis for the trial court's decision was their physicians' certificates attached to the application. The application is not evidence that the statutory standard for temporary inpatient mental health services has been met. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.031; *In re E.T.*, 137 S.W.3d at 700; *Laidlaw Waste Sys. (Dallas), Inc.*, 904 S.W.2d at 660. Thus, we conclude, after viewing the evidence in the light most favorable to the findings, that a reasonable trier of fact could not have formed a firm belief or conviction that S.E. was suffering severe and abnormal mental, emotional, or physical distress; was experiencing substantial mental or physical deterioration of her ability to function independently; and was unable to make a rational and informed decision as to whether or not to submit to treatment. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.034(a), (d); *In re J.F.C.*, 96 S.W.3d at 266. Consequently, the evidence is legally insufficient to support the trial court's finding based upon section 574.034(d) of the Texas Health and Safety Code. We sustain S.E.'s first issue as to the legal sufficiency of the evidence.

## Psychoactive Medication Order

A trial court may issue an order authorizing the administration of one or more classes of psychoactive medications to a patient who is under a court order to receive inpatient mental health services. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a) (West 2010). The court may issue an order if it finds by clear and convincing evidence after the hearing that (1) the patient lacks the capacity to make a decision regarding the administration of the proposed medication, and (2) treatment with the proposed medication is in the best interest of the patient. *Id.* § 574.106(a-1). Having determined that the evidence is legally insufficient to support the trial court's order for temporary inpatient mental health services, we have held that the trial court's order for temporary inpatient mental health services is invalid. Therefore, the order authorizing administration of psychoactive medication is also invalid. *See id.* § 574.106(a).

We sustain S.E.'s second issue.

4

## DISPOSITION

We have sustained S.E.'s first issue in part and her second issue. Accordingly, we *reverse* the trial court's order for temporary inpatient mental health services and for administration of psychoactive medication. We *render* judgment denying the State's applications for court ordered temporary mental health services and for an order to administer psychoactive medication.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 10, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

DECEMBER 10, 2014

NO. 12-14-00246-CV

**THE STATE OF TEXAS FOR THE BEST INTEREST
AND PROTECTION OF S. E.**

Appeal from the County Court at Law
of Cherokee County, Texas (Tr.Ct.No. 41,072)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the trial court's orders for temporary inpatient mental health services and to administer psychoactive medication should be reversed and judgment rendered denying the State's applications for court ordered temporary mental health services and for an order to administer psychoactive medication.

It is therefore ORDERED, ADJUDGED and DECREED by this court that the trial court's orders for temporary inpatient mental health services and to administer psychoactive medication, be, and the same are, hereby **reversed** and judgment is **rendered** denying the State's applications for court ordered temporary mental health services and for an order to administer psychoactive medication; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*